## Katherine L. Fessenden, Appellee, v. Travelers Insurance Company, Appellant.

### Gen. No. 6,344.    (Not to be reported in full.)

Appeal from the City Court of Aurora; the Hon. EDWARD M. MANGAN, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed February 10, 1917. Rehearing denied April 19, 1917.

### Statement of the Case.

Action on a policy of accident insurance on the life of C. N. Fessenden by the beneficiary, Katherine L. Fessenden, plaintiff, against the Travelers Insurance Company, defendant. From a judgment for plaintiff for $7,500, defendant appeals.

FRANK M. COX and R. J. FELLINGHAM, for appellant; RAYMOND & NEWHALL, of counsel.

J. A. CONNELL and ALSCHULER, PUTNAM & JAMES, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

### Abstract of the Decision.

1.  INSURANCE, § 667*—*when evidence sufficient to sustain verdict for plaintiff in action on accident policy.* In an action upon an accident insurance policy to recover for the death of the insured, a man sixty-eight years of age, and in good health, where plaintiff claimed that death was caused by slipping and falling upon an icy sidewalk and striking the back and head, and the defense was that death was caused through the stopping of the heart due to a diseased condition, and the coroner's jury found that the deceased came to his death as the result of a diseased condition, evidence *held* sufficient to sustain a verdict for plaintiff.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

2. Insurance, § 667*—*what is effect of witnesses not testifying positively as to cause of death.* In an action upon an accident insurance policy to recover for the death of the insured, where the defendant claimed that there was a fatal defect in plaintiff's proofs because no physician testified positively that the fall in question caused the insured's death, *held* that such contention excluded the inferences which the jury might reasonably draw from the proof of what did occur.

3. Trial, § 78*—*when evidence competent in rebuttal.* In an action upon an accident insurance policy to recover for the death of the insured, where the defendant objected to the introduction by plaintiff, after the defense had put in its proof, of the testimony of the witnesses who held one of the post-mortems, *held* that such evidence was competent in rebuttal.

4. Trial, § 78*—*what is competent rebuttal evidence.* Where, in an action upon an accident insurance policy to recover for the death of the insured, the defendant's witnesses had testified that hardening of the arteries of an old person was a disease, *held* that testimony for plaintiff that such hardening was an ordinary incident of old age and was not considered a disease, was competent in rebuttal.

5. Instructions, § 151*—*when refusal proper.* Where the material portions of refused instructions are contained in given instructions, such refusal is not error.